UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:18-CV-00129-JHM

DONALD E. PAWLEY              PLAINTIFF

V.

BEL BRANDS USA, INC.             DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Bel Brands' Bill of Costs after the Court entered a judgment in favor of Bel Brands on its Motion for Summary Judgment. [DN 28]. This matter is also before the Court on Plaintiff Donald Pawley's Motion to Consider Submission of Affidavit in Support of Plaintiff's Objection to Defendant's Bill of Costs. [DN 29]. Fully briefed, this matter is ripe for decision. For the following reasons, Bel Brands' Bill of Costs is **GRANTED IN PART AND DENIED IN PART**. Pawley's motion to consider his affidavit is **GRANTED**.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (citation omitted). "The party objecting to the taxation bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming, LLC.*, No 1:09-CV-00081-TBR, 2010 WL 3069106, at *1 (W.D. Ky. Aug. 4, 2010) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir, 2005), *overruled on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012)). To "award costs to a prevailing party, the court must determine that

the expenses are allowable and that the amounts are reasonable and necessary." *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015) (citation omitted).

The Sixth Circuit has "identified several factors a losing party may put forward that may be sufficient to justify a district court in overcoming the presumption in favor of a cost award, including the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton*, 241 F.3d at 539 (citation omitted). The indigency of the losing party is another factor that weighs in favor of denying costs.[1] *Id.* However, "indigency . . . does not 'provide an automatic basis for denying taxation of costs against an unsuccessful litigant.'" *Banks*, 611 F. App'x at 860. The ability of the winning party to pay its own costs is irrelevant. *Singleton*, 241 F.3d at 539 (citation omitted).

## II. DISCUSSION

### A. Indigence

Pawley requests that the Court consider his affidavit in support of his objection to Bel Brands' Bill of Costs. [DN 29]. While it is an untimely motion, the Court will consider the affidavit. Pawley's only objection to the Bill of Costs is that it would be a financial burden on him and his wife. [DN 29-1 at 1]. "[D]istrict courts retain a substantial amount of discretion to determine whether or not to tax costs against indigent plaintiffs." *Banks*, 611 F. App'x at 861 (citation omitted). "When a party claims indigency, the district court must make 'a determination of his or her capacity to pay the costs assessed.'" *Id.* (citation omitted). "[D]istrict judges are encouraged to consider the question of indigency fully for the record." *Id.* at 861 (citation omitted).

---

[1] Bel Brands argues that *Lewis v. Pennington*, 400 F.2d 806, 819 (6th Cir. 1968) supports its view that the financial burden on Pawley is irrelevant. [DN 30 at 2–3]. In *Lewis*, the Court held that "the ability of a party litigant to pay costs is a not valid criterion in assessing them." 400 F.2d at 819. It does not appear that the Sixth Circuit has ever overruled *Lewis*. Bel Brands, however, fails to consider later cases (even though it cites to at least one of these later cases in its reply brief) where the Sixth Circuit has held that a losing party's indigency is a factor that a court may consider. *See e.g., Banks*, 611 F. App'x at 860; *Singleton*, 241 F.3d at 539.

2

Here, Pawley and his wife's combined income from Social Security benefits is approximately $2,107 per month. [DN 29-1 at 1]. Pawley has part-time employment on a farm making $15.00 per hour with an average of 94 hours per month depending on the weather and season. [*Id.*]. His wife averages $200 per month through her self-employment. [*Id.*]. They have approximately $7,000 in an IRA account. [*Id.* at 2]. Their expenses are approximately $1,980.66 per month. [*Id.* at 1–2]. While Pawley and his wife assist their two children and three grandchildren when they are able, it does not appear that they are Pawley's dependents. [*Id.* at 2]. When the Court subtracts Pawley and his wife's expenses from their income, they are left with approximately $1,536.34 per month. Pawley has not explained why a portion of this money cannot be used to pay the costs. Even if the Court considered only Pawley's income and his portion of the expenses, Pawley appears to have an ability to the pay the costs. Pawley is not indigent.

### B. Fees of the Clerk

Bel Brands seeks $650 in filing fees, which includes the $400 removal filing fee and $250 in *pro hac vice* fees. [DN 28-2]. Filing fees are recoverable under 28 U.S.C. § 1920(1) because it permits "[f]ees of the clerk." *Pro hac vice* fees are recoverable as well. *Madison Capital Co., LLC v. S & S Salvage, LLC*, No. 4:08-CV-00134-JHM, 2011 WL 3667673, at * 1 (W.D. Ky. Aug. 22, 2011). Thus, the $650 in fees are recoverable.

### C. Fees for Printed or Electronically Recorded Transcripts

Bel Brands incurred $3,483.39 in costs to take and transcribe the video deposition of Pawley. [DN 28-3]. The cost of taking and transcribing depositions necessary for litigation are recoverable costs. *See* 28 U.S.C. § 1920(2); *Sales v. Marshall*¸ 873 F.2d 115, 120 (6th Cir. 1989). Video deposition costs are taxable under § 1920 and can be taxed with stenographic transcripts. *Graham v. City of Hopkinsville, Ky.*, No. 5:12-CV-23, 2013 WL 4456685, *2 (W.D. Ky. Aug. 16,

2013) (citations omitted).  Here, summary judgment was granted to Bel Brands partly based on Pawley's deposition testimony; the parties also relied on Pawley's deposition testimony in their briefing for the motion.  [DN 20-1, DN 23, DN 24, DN 26].  As such, Pawley's deposition was necessary to the litigation and he will be taxed for the cost of $3,483.39.

### D. Photocopying Costs

Bel Brands seeks $341.80 in costs for photocopying documents used during Pawley's deposition.  [DN 28-4].  Costs of making copies of any materials that are necessary for litigation are recoverable under § 1920(4).  "The party claiming photocopying costs . . . bears the burden of demonstrating the purpose to which the copies were employed in the case and that they were not obtained merely for the convenience of counsel."  *Cervetto v. Powell*, No. 1:14cv-00075-HBB, 2016 WL 9460449, at *3 (W.D. Ky. Dec. 7, 2016) (citation omitted).  Bel Brands has not shown that the copies were necessary rather than simply convenient for them.  *See SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, No. 1:10CV-00122-JHM, 2013 WL 5934141, at *5 (W.D. Ky. Nov. 5, 2013).  As such, Pawley will not be taxed the $341.80 cost.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Bel Brands' Bill of Costs [DN 28] is **GRANTED IN PART AND DENIED IN PART**.  Pawley will be taxed $4,133.39.  Pawley's motion [DN 29] to consider his affidavit is **GRANTED**.

*[signature: Joseph H. McKinley]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 23, 2020

cc: counsel of record